# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| PUCHI PROPERTIES INC., | Case No. 4:14-bk-01372-BMW |
| Debtor. | **PARTIAL RULING AND ORDER REGARDING: MOTION TO ENFORCE ORDER CONFIRMING PLAN OF REORGANIZATION AND FOR ORDER COMPELLING UETA OF ARIZONA, INC. TO COMPLY WITH THE TERMS OF TRUSTEE'S PLAN OF REORGANIZATION** |

This matter came before the Court pursuant to the *Motion to Enforce Order Confirming Plan of Reorganization and for Order Compelling UETA of Arizona, Inc. to Comply with the Terms of Trustee's Plan of Reorganization* (the "Motion") filed by John C. Smith, the Plan Trustee (the "Plan Trustee") for Puchi Properties Inc. (the "Debtor") on January 12, 2018 (Dkt. 795); *UETA of Arizona, Inc.'s Response* (the "Response") (Dkt. 803); the Plan Trustee's *Reply* (the "Reply") (Dkt. 808); *UETA of Arizona, Inc.'s Sur-Reply* (the "Sur-Reply") (Dkt. 817); and the *Notice of Limited Joinder* in the Motion (the "Limited Joinder") (Dkt. 819) filed by Robert F. Kuhn, Esq., the Law Office of Robert F. Kuhn, PLLC, and Donald E. Gabriel, Esq. (the "Kuhn/Gabriel Creditors").

In the Motion, the Plan Trustee asks the Court to: (1) determine that the Debtor validly assumed an unexpired lease (the "Lease") with UETA of Arizona, Inc. ("UETA") through the *Chapter 11 Trustee's Plan of Reorganization for Puchi Properties, Inc. Dated May 11, 2015* (the

"Plan") (Dkt. 545 at Ex. A), which was confirmed by the Court on March 11, 2016 (Dkt. 545); (2) determine that there are no uncured defaults based on events or conditions that existed or occurred prior to this Court's entry of the *Stipulated Order Confirming Plan of Reorganization* (the "Confirmation Order") (Dkt. 545); (3) determine that the Lease has not been and may not be terminated based on events that existed or occurred prior to entry of the Confirmation Order; (4) determine that UETA is barred by the doctrine of res judicata from asserting claims raised in a state court complaint pertaining to the Lease; (5) enter orders enforcing the Confirmation Order and compelling UETA to pay $24,000 in arrears on account of the Lease, pay $8,000 per month pursuant to the Lease, otherwise conform its conduct to the Lease, and comply with the injunction provisions in the Debtor's Plan; and (6) award the Debtor its reasonable attorneys' fees incurred in connection with the Motion. The Motion does not seek any relief pursuant to Federal Rule of Civil Procedure 60,[1] as incorporated by Federal Rule of Bankruptcy Procedure 9024,[2] or seek any modification of the Plan.

UETA asserts that it was not provided with notice of the Debtor's Plan or any of the proceedings related thereto and asks the Court to deny the Motion.

On April 4, 2018, the Court held an initial hearing on the Motion and determined that the threshold issue is whether the Plan Trustee validly assumed the Lease between UETA and the Debtor through the Plan. The Court instructed the parties to brief the issue of whether the Lease was validly assumed and set the matter for oral argument.

On June 12, 2018, the Plan Trustee and UETA filed supplemental briefs (Dkts. 829 & 830), and on June 26, 2018, the Court held oral arguments. The Court then took this matter under advisement. Based on the pleadings, oral arguments, and entire record before the Court, the Court now issues its ruling.

This decision constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, as incorporated by Fed. R. Bankr. P. 7052, and as made applicable to contested matters by Fed. R. Bankr. P. 9014(c).

---

[1] Federal Rule of Civil Procedure will hereinafter be referred to as "Fed. R. Civ. P."
[2] Federal Rule of Bankruptcy Procedure will hereinafter be referred to as "Fed. R. Bankr. P." or "Rules."

## I. Jurisdiction

A bankruptcy court's post-confirmation jurisdiction is relatively limited. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193-94 (9th Cir. 2005). The Ninth Circuit has adopted the Third Circuit's test for post-confirmation jurisdiction, under which there must be "a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction . . . ." *Id.* at 1194 (quoting *In re Resorts Int'l Inc.*, 372 F.3d 154, 166-67 (3rd Cir. 2004)). "[M]atters affecting 'the interpretation, implementation, consummation, execution, or administration of [a] confirmed plan will typically have the requisite close nexus.'" *Id.* (quoting *In re Resorts Int'l Inc.*, 372 F.3d at 167).

Where a court has post-confirmation jurisdiction, retention of jurisdiction provisions will generally be given effect. *In re 350 Encinitas Invs., LLC*, No. CIV 06CV2085 WQH (POR), 2007 WL 2669546, at *6 (S.D. Cal. Sept. 6, 2007), *aff'd,* 313 F. App'x 70 (9th Cir. 2009) (quoting *In re Resorts Int'l Inc.*, 372 F.3d at 161).

In this case, there is a sufficiently close nexus between the issues raised by the parties and the confirmed Plan such that the Court retains post-confirmation jurisdiction over this matter, especially given that the central issue is whether or not UETA is bound by the Plan and this Court's Confirmation Order. Furthermore, the Plan provides for this Court's retention of jurisdiction to, among other things: (1) construe, implement, enforce, execute, or consummate the Plan, the Confirmation Order or any other Court order; (2) issue injunctions or take other such actions "as may be necessary or appropriate to restrain interference with the Debtor by any party with the Plan or its execution or implementation by any person;" and (3) issue "such orders in aid of consummation of the Plan and the [C]onfirmation [O]rder . . . to the full extent authorized by the Bankruptcy Code[.]" (Dkt. 545, Ex. A at 39-40).

## II. Issue

The threshold issue before the Court is whether the Debtor validly assumed the UETA Lease through the Plan.

/ / /

/ / /

## III. Factual and Procedural Background

1. On October 31, 2013, UETA, as tenant, entered into the Lease with the Debtor and third-party Sherman Montgomery ("Montgomery"), as co-landlords, for certain real property located at 361 N. Mariposa Rd., Nogales, Arizona (the "Property"), commencing November 1, 2013, and expiring on October 31, 2033. (Dkt. 795 at Ex. A;[3] *see also* Dkts. 795 at 2 & 803 at 2).

2. Under the Lease, UETA agreed to pay the Debtor and Montgomery $8,000 per month in rent, with one-half of such rent to go directly to each co-owner for the first five years of the Lease, and with rent to be adjusted thereafter subject to the terms of the Lease. (Dkt. 795, Ex. A at 3-4).

3. On February 4, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On March 19, 2014, the Court ordered the appointment of a Chapter 11 Trustee and ultimately approved the appointment of Gerald K. Smith (the "Trustee) (Dkts. 89, 93, 159).

5. Pursuant to a letter dated May 28, 2014, which was sent to the Debtor's principal, UETA attempted to terminate the Lease. (Dkt. 803 at Ex. B).

6. On June 4, 2014, the Debtor filed Schedule G, listed the Lease therein, and listed "UETA c/o Nedda Gales, Esq. Greenberg Traurig LLP" at address "2375 E. Camelback #700, Phoenix, AZ 85016" as the lessee to the Lease. (Dkt. 182 at 10).

7. Despite being listed on Schedule G, neither UETA nor its counsel were contemporaneously added to the Debtor's Master Mailing List.

8. On or around July 8, 2014, the Trustee notified counsel for UETA that he was at the plan formulation stage and needed copies of UETA's leases with the Debtor. (Dkt. 808, Ex. B at 1).

9. By letter dated July 14, 2014, UETA, through counsel, informed the Trustee that it did not believe the Property was an asset of the bankruptcy estate, and believed that the Debtor

---

[3] The Plan Trustee and UETA filed identical copies of the Lease. (*See* Dkts. 795 at Ex. A and 803 at Ex. 1). The Court will hereinafter refer solely to the copy of the Lease filed at Dkt. 795, Ex. A to avoid redundancy.

may have materially breached the Lease, rendering the Lease no longer effective. (Dkt. 808, Ex. B at 2-4).

10. By letter dated July 30, 2014, the Trustee informed UETA that he was in the process of attempting to determine the ownership of the Property, would initiate a fraudulent transfer suit in order to bring the scheduled 50% ownership interest of the Property into the estate if required, and asserted that there had not been any breach of the Lease. (Dkt. 808, Ex. B at 5).

11. On July 29, 2014, the Trustee filed a *Stipulated Motion for Order Authorizing Certain Payments to Trustee* (the "Stipulated Motion") (Dkt. 222), which was joined by UETA, and which, after notice and a hearing, the Court approved. (Dkts. 255 & 270). UETA was not given notice of the hearing, and counsel for UETA did not appear at the hearing. (Dkts. 229, 255, 270). The order approving the Stipulated Motion authorized UETA to pay the Trustee certain amounts it was withholding pursuant to writs of garnishment against the Debtor and authorized UETA to make future rent payments directly to the Trustee. (Dkt. 270).

12. On May 11, 2015, the Debtor amended Schedule G, but did not make any changes to the description of the Lease or to the name or mailing address of the lessee to the Lease. (Dkt. 405 at 14).

13. On May 11, 2015, the Trustee filed the Plan, which provides in relevant part:

> No . . . unexpired leases will be rejected.
>
> Any individual or entity that is a party to an . . . unexpired lease assumed pursuant to the Plan who objects to such assumption must file with the Court a written statement stating the basis for the objection. This statement must be filed and served within the deadline for objecting to the confirmation of the Plan . . . . Any individual or entity that fails to file timely and serve such a statement will be deemed to have waived any objection to the proposed assumption.

(Dkt. 403, Ex. A at 24).

14. The Trustee conceded that he did not serve UETA with the solicitation package. (*See* Dkt. 830; 6/26/2018 Hearing Tr. 5:3-6; *see also* Dkt. 468). The Trustee likewise did not

serve UETA with formal notice of the confirmation hearing or of the deadline to object to confirmation of the Plan. (*See* Dkt. 467).

15. UETA did not object to the Plan or to the Debtor's proposed assumption of the Lease.

16. On November 4, 2015, the Court held an initial confirmation hearing, at which time all objections to confirmation were resolved and the Court determined that the Plan was confirmable. (Dkt. 481).

17. On March 11, 2016, the Court entered the Confirmation Order. (Dkt. 545).

18. The Confirmation Order confirmed the Plan as proposed, subject to three modifications, one of which vested half of the fee title to the Property in the reorganized Debtor, effective nunc pro tunc as of April 14, 2013. (Dkt. 545 at ¶ 4).

19. Pursuant to the terms of the confirmed Plan, the Debtor assumed "as of the Effective Date each . . . Unexpired Lease listed in Schedule G, as amended, whether written or oral, except as otherwise provided for in the Plan." (Dkt. 545, Ex. A at 23). The Lease was listed on Schedule G. The Plan did not provide for any alternative treatment of the Lease. (*See* Dkt. 545 at Ex. A).

20. There is no evidence that UETA was served with written notice of the Confirmation Order.[4]

21. The effective date of the Plan was March 28, 2016 (the "Effective Date"). (*See* Dkt. 545 at ¶ 5).

22. On the Effective Date, Gerald K. Smith assumed the duties as Plan Trustee.

23. On November 27, 2017, UETA commenced a lawsuit against the Debtor in Arizona Superior Court, Pima County regarding the parties' rights, obligations, and liabilities under the Lease. (Dkt. 795 at Ex. B).

24. On December 18, 2017, John C. Smith succeeded Gerald K. Smith as Plan Trustee. (Dkt. 791).

---

[4] A certificate of service was never filed on the docket and the Plan Trustee has not otherwise asserted that UETA was served with the Confirmation Order.

25. On January 12, 2018, the Plan Trustee filed the Motion, in which he asks the Court to enforce the Confirmation Order and compel UETA to comply with the terms of the confirmed Plan. (Dkt. 795).

26. On February 16, 2018, UETA timely filed the Response, in which it argues that it was not provided with notice of the Plan or proceedings related thereto, and therefore cannot be bound by the Plan. (Dkt. 803).

27. On March 2, 2018, the Plan Trustee filed the Reply, in which he argues that the actual notice UETA was given of this bankruptcy case coupled with UETA's participation in negotiations and in the reorganization process satisfied UETA's due process rights such that UETA should be bound by the terms of the confirmed Plan. (Dkt. 808).

28. On March 30, 2018, UETA filed the Sur-Reply, in which it maintains that the Lease was not validly assumed given that UETA was not provided with notice of the proposed assumption. (Dkt. 817).

29. On April 2, 2018, the Kuhn/Gabriel Creditors filed the Limited Joinder, in which they assert that UETA had early notice of this bankruptcy case and made the decision not to file a notice of appearance or request for notice, for which UETA should be scrutinized. (Dkt. 819).

30. On April 4, 2018, the Court held an initial hearing on the Motion, at which time the Court ordered further briefing from the parties. (Dkt. 822).

31. On June 12, 2018, the Plan Trustee and UETA filed supplemental briefs in support of their respective positions. (Dkts. 829 & 830).

32. On June 26, 2018, the Court held oral arguments, at which time arguments were presented by the Plan Trustee, counsel for UETA, and counsel for Mr. Montgomery and the Kuhn/Gabriel Creditors. During oral arguments, the Plan Trustee asked the Court to allow him to conduct limited discovery to investigate whether and to what extent UETA had actual knowledge of the Trustee's intent to assume the Lease through the Plan. (*See* 6/26/2018 Hearing Tr. 4:9-13, 9:6-13). UETA asked the Court to deny the Plan Trustee's request for discovery and deny the Motion. (*See* 6/26/2018 Hearing Tr. 20:5-9).

## IV. Legal Analysis & Conclusions of Law

Section 365 of the Code provides the terms by which a debtor may assume or reject an executory contract or unexpired lease. 11 U.S.C. § 365. Unexpired leases may be assumed by motion. *See* Fed. R. Bankr. P. 6006. Rule 6006, which governs motions to assume unexpired leases, requires that notice of such motions be given to lease counterparties. *See* Fed. R. Bank. P. 6006(c). Alternatively, a plan proponent may seek to assume an unexpired lease through a Chapter 11 plan of reorganization. 11 U.S.C. § 1123(b)(2). Although Rule 6006 only addresses the procedure and notice requirements applicable to assumption motions other than as part of a plan, "Rule 6006 was not intended to establish a two-tier standard of notice in which formal notice is required if the assumption is to be by motion, but if assumption is to be by plan, the responsibilities of the debtor are radically diminished." *In re Nat'l Gypsum Co.*, 208 F.3d 498, 512 (5th Cir. 2000). "Notice as a procedural safeguard cannot expand or contract based solely upon the procedural choice of the debtor when the ramifications to the non-debtor party are no less severe." *Id.* Where a plan proposes to assume an unexpired lease, the plan proponent "must provide the requisite notice as part of the confirmation process." *In re Amerivision Commc'ns, Inc.*, 349 B.R. 718, 722 (B.A.P. 10th Cir. 2006).

At least one court has interpreted the Code as contemplating that the counterparty to an unexpired lease which a plan proponent intends to assume through its plan will be given "at least the notice required by Rule 9014, if not by § 1125(b)." *In re REPH Acquisition Co.*, 134 B.R. 194, 199 (N.D. Tex. 1991). Rule 9014 governs the service of motions commencing contested matters and requires that service be made in the manner prescribed in Rule 7004 for the service of summonses and complaints. Fed. R. Bankr. P. 9014(a)-(b). Section 1125(b) requires a plan proponent to transmit its plan, or a summary thereof, and the court-approved disclosure statement to parties before soliciting acceptances of the plan from such parties. *See* § 1125(b). Except to the extent a court orders otherwise, Rule 3017(d), which supplements § 1125(b), requires a plan proponent to:

> mail to all creditors . . . (1) the plan or a court-approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and

> rejections of the plan may be filed; and (4) any other information as the court may direct . . . ."

Fed. R. Bankr. P. 3017(d). After a plan is confirmed, notice of entry of the confirmation order must be promptly mailed to all creditors and other parties in interest. Fed. R. Bankr. P. 3020(c)(2).

Parties, even those with knowledge of the bankruptcy case, are entitled to presume that applicable rules of procedure will be complied with. *See In re Mack*, No. ADV. RS 06-1160-DN, 2007 WL 7545163, at *4 (B.A.P. 9th Cir. Mar. 28, 2007) (quoting *In re Loloee*, 241 B.R. 655, 662 (B.A.P. 9th Cir. 1999)). "The more a party deviates from the prescribed procedure, 'the greater the quality and amount of notice needed to comply with due process.'" *Id.* (quoting *In re Loloee*, 214 B.R. at 662).

Due process requires that "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). Absent formal notice, actual notice that sufficiently apprises a party of the pendency of an action affecting that party's rights may satisfy constitutional due process. *See In re Nat'l Gypsum Co.*, 208 F.3d at 513 ("Unless there is a showing that the non-debtor possessed actual knowledge of a sufficiently refined degree, the debtor must demonstrate delivery of the proposed plan of reorganization or some other court-ordered notice that set forth [its] intent to assume . . . ."). The relevant inquiry, however, is what notice the plan proponent provided the affected party, not what the affected party actually knew. *In re Arriva Pharm., Inc.*, 456 B.R. 419, 425 (Bankr. N.D. Cal. 2011).

Parties in interest do not have an affirmative duty to investigate or inject themselves into bankruptcy proceedings. *In re Maya Const. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996). Furthermore, as the Ninth Circuit B.A.P. has recognized, debtors should not be rewarded for negligently failing to provide parties in interest with proper notice. *In re Mack*, 2007 WL 7545163, at *6 (quoting *In re Dewalt*, 961 F.2d 848, 850 (9th Cir. 1992)).

"A judgment may be void or unenforceable against a party if it was entered or obtained 'in a manner inconsistent with due process of law.'" *Id.* at *4 (quoting *Owens–Corning*

*Fiberglass Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.),* 759 F.2d 1440, 1448 (9th Cir. 1985)). "If the notice is inadequate, then the order is void." *Id.* (quoting *In re Loloee,* 241 B.R. at 661).

In this case, the Trustee chose to seek assumption of the Lease through the Plan, but failed to comply with the notice requirements set forth in the Code and Rules. The Trustee did not serve UETA with the disclosure statement, Plan, notice of confirmation hearing, or Confirmation Order. UETA, which had at least general knowledge of the pendency of this case, but which did not actively participate in this case,[5] did not have an affirmative duty to monitor this case. UETA believed that the Property was not an asset of the estate. Thus, UETA could not have known, without being given notice thereof, that the Plan proposed to retroactively vest half of the fee title to the underlying Property in the Reorganized Debtor such that the Debtor could seek to assume the Lease under the Bankruptcy Code.

Ultimately, UETA was not afforded the safeguards it would have been afforded had the Trustee complied with Rules. The Trustee may have failed to serve UETA with the pertinent documents through accident or inadvertence, but ultimately UETA was not given notice reasonably calculated under the circumstances to apprise it of the Trustee's intent to assume the Lease, and afford it a sufficient opportunity to object thereto.

UETA was entitled to presume that the Trustee would comply with the Rules and Code. Given that the relevant inquiry is what notice the Trustee gave to UETA, the Plan Trustee would not benefit from any discovery regarding what UETA actually knew about this case or the Trustee's intent to assume the Lease.

Given that UETA did not receive adequate notice of the Plan, confirmation proceedings, or Confirmation Order, UETA cannot be bound by the Confirmation Order. Given that the

---

[5] Prior to filing the Response, UETA's only involvement on the docket was with respect to the Stipulated Motion, which counsel for UETA signed, but which was filed by the Trustee. Given that counsel for UETA did not appear in this case at any time prior to confirmation, counsel for UETA was not required to file a notice of appearance at any time during the pertinent pre-confirmation period. *See* Fed. R. Bankr. P. 9010(b).

Trustee did not validly assume the Lease through the Plan, the Lease was deemed rejected as of the Effective Date as a matter of law.[6]

## V. Conclusion

Given the foregoing it is the determination of the Court that the Lease was not validly assumed through the Plan, and that such Lease was deemed rejected on the Effective Date of the Plan. This ruling does not address the other issues raised in the Motion.

Wherefore, for good cause shown;

**IT IS HEREBY ORDERED** denying the Motion as to the relief requested in § V.(A)(1) of the Motion, on the basis that the Lease was not validly assumed.

**IT IS FURTHER ORDERED** that the Court will set a scheduling conference to determine how this matter should proceed as to the remaining issues.

**DATED AND SIGNED ABOVE.**

---

[6] The Lease did not ride through the bankruptcy given that the Lease was treated in the Plan. *See In re Hernandez*, 287 B.R. 795, 800 (Bankr. D. Ariz. 2002) ("The debtor may not treat an executory contract in a Chapter 11 plan and at the same time, effect a ride-through of that contract—these are inconsistent proposals.").